37 F.3d 1510
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Tom THOMAS, Father and Next Friend of Nathan D. Thomas, a
minor child, Plaintiff,
v.
NEW ENGLAND FIREARMS CO., INC., a Corporation; H & R, 1871,
Inc., formerly known as Harrington & Richardson, Inc., also
known as Harrington & Richardson Arms, a Corporation; Ducks
Unlimited, a not for profit corporation, Defendants,
DUCKS UNLIMITED, a not for profit corporation,
Cross-Claim-Plaintiff-Appellant,
v.
NEW ENGLAND FIREARMS CO., INC., a Corporation; H & R, 1871,
Inc., formerly known as Harrington & Richardson, Inc., also
known as Harrington & Richardson Arms, a Corporation,
Cross-Claim-Defendants-Appellees.
 No. 94-7005.
 United States Court of Appeals, Tenth Circuit.
 Oct. 13, 1994.
 
 1
 Before MOORE and ANDERSON, Circuit Judges, and BRIMMER,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 The parties to this appeal were defendants in a products liability action brought on behalf of Nathan Thomas relating to injuries caused by a shotgun he obtained from Ducks Unlimited, Inc. Ducks Unlimited filed cross-claims against appellees New England Firearms, Inc., and H & R 1871, Inc., for indemnity and successor liability on the basis that they were successors to the bankrupt Harrington & Richardson, Inc., who manufactured the shotgun. The magistrate judge[2] granted appellees' motions for summary judgment against both plaintiff and Ducks Unlimited. During trial, plaintiff and Ducks Unlimited settled. Ducks Unlimited appeals the grant of summary judgment on its cross-claims. (Plaintiff's separate appeal of the summary judgment order was dismissed.)
 
 
 4
 The progression from and relationship among Harrington & Richardson, New England Firearms and H & R 1871 are well described in the magistrate judge's December 16, 1993 order granting summary judgment. Essentially, New England Firearms and, later, H & R 1871 acquired and used Harrington & Richardson's manufacturing facilities and equipment to produce shotguns similar to the one that injured Nathan Thomas. They also used the Harrington & Richardson name and reputation to some extent in marketing their shotguns. Ducks Unlimited argues that they should be liable either (1) as mere continuations of Harrington & Richardson, under an exception to the general rule against liability of successor corporations stated in Pulis v. United States Elec. Tool, Co., 561 P.2d 68, 69 (Okla.1977), or (2) under the theory of "product line" liability as first stated in Ray v. Alad Corp., 560 P.2d 3, 8-12 (Cal.1977).
 
 
 5
 The magistrate judge rejected both of these arguments. He first concluded that appellees were not continuations of Harrington & Richardson because there was no continuation of the corporate entity, such as commonality of directors, officers, and stockholders, that Pulis requires. See Pulis, 561 P.2d at 71. He then concluded that there was no indication that Oklahoma courts would adopt the minority-view "product line" theory because the theory is counter to Pulis. Accord Florum v. Elliott Mfg., 867 F.2d 570, 580 (10th Cir.1989)(declining to adopt product line theory under Colorado law, which, like Oklahoma's, adhered to the traditional rule of nonliability of successor corporations). Finally, he concluded that even were the "product line" theory accepted under Oklahoma law, it would not apply to the facts in this case.
 
 
 6
 We have jurisdiction under 28 U.S.C. 1291. We review grants of summary judgment de novo and apply the same standard used by the district court under Fed.R.Civ.P. 56(c). Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). We agree with the magistrate judge's analysis and conclusion that appellees are not liable to Ducks Unlimited as successors to Harrington & Richardson. Thus, for substantially the same reasons as stated in the magistrate judge's December 16, 1993 order, we affirm the grant of summary judgment in favor of New England Firearms and H & R 1981.
 
 
 7
 The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 
 **
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The parties consented to proceed before the magistrate judge pursuant to 28 U.S.C. 636(c)